IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CARMICHAEL EQUIPMENT, INC.,
an Ohio corporation,

            Plaintiff,

v.                                       CIVIL ACTION NO. 3:09-0842

DIAMOND MOWERS, INC., a
purported Sough Dakota corporation,

            Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Diamond Mowers, Inc.'s Motion to Dismiss [doc. no. 10] and Plaintiff Carmichael Equipment, Inc.'s Motion for Leave to File First Amended Complaint [doc. no. 7]. For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss and **DENIES as moot** Plaintiff's Motion to Amend.

Defendant is a South Dakota corporation that manufacturers and distributes a line of heavy-duty mowers and roadside maintenance equipment. Plaintiff is an Ohio corporation which distributes Defendant's products in Ohio, West Virginia, and a portion of Kentucky. On April 5, 2004, Plaintiff and Defendant entered into a "Distributor Agreement" in which Plaintiff would be an authorized dealer of Defendant's products. Issues involving the agreement arose which have resulted in two separate actions being filed by the parties.

The first action was filed on June 15, 2009, as a Complaint for Declaratory Judgment by Defendant in South Dakota state court.[1] In that action, Defendant seeks to have the South Dakota court "declare the rights and liabilities of the parties under the terms of the Distributor Agreement related to the winding down of the Distributor relationship between the parties." *Complaint for Declaratory Judgment*, at ¶ 7. Plaintiff removed that action to the United States District Court for the District of South Dakota, where the action remains pending.

After Defendant filed its action, Plaintiff filed an action on June 18, 2009, in the Circuit Court of Cabell County, West Virginia, alleging breach of contract. Defendant removed the action to this Court on July 22, 2009. On August 20, 2009, Plaintiff filed its motion to amend the Complaint. In its "Rebuttal Memorandum Supporting its Motion for Leave to File First Amended Complaint," Plaintiff asserts that the parties agree that the contract is governed by the substantive law of South Dakota and, therefore, Plaintiff seeks to add causes of action under South Dakota law. Thereafter, on August 21, 2009, Defendant filed its Motion to Dismiss. Defendant claims the action should be dismissed because the contract has a forum selection clause requiring that Plaintiff bring any and all actions in South Dakota.[2]

With respect to the forum selection clause, the Distributor Agreement provides, in relevant part:

---

[1] Defendant asserts the action was filed on June 12, 2009, but the date stamped copy of the action has a filing date of June 15, 2009.

[2] Defendant also argues this case should be dismissed because it filed its action first. As the Court finds the forum selection clause enforceable, the Court need not rely upon the first-to-file rule.

> **Governing Law.** This agreement shall be deemed to have been executed and entered into in the State of South Dakota, and the same shall be construed, enforced, and performed in accordance with the laws thereof. All purchase orders submitted to the Company [Diamond Mowers] by the Distributor [Carmichael] shall be deemed to have been executed and accepted in South Dakota, and are due and payable in same. *The Distributor agrees to bring any and all actions arising out of this agreement to the State of South Dakota.*

*Distributor Agreement*, at ¶ 23 (emphasis added). Plaintiff argues that this agreement is not binding upon it because West Virginia is a more convenient forum pursuant to 28 U.S.C. § 1404(a). For the following reasons, the Court disagrees with Plaintiff.

Motions to dismiss based on forum selection clauses should be treated as motions to dismiss under Rule 12(b)(3) of the Federal Rules of Civil Procedure. *Sucampo Pharm., Inc., v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006). However, it is unresolved in the Fourth Circuit whether a federal court sitting in diversity should apply federal or state law when deciding if a forum selection clause is enforceable. *Rice Contracting Corp. v. Callas Contractors, Inc.*, No. 1:08cv1163, 2009 WL 21597, *3 n.3 (E.D. Va. Jan. 2, 2009) (recognizing the uncertainty of the

issue in the Fourth Circuit).[3] In this case, the Court finds it need not decide the issue as the result is the same irrespective of which law the Court applies.

Recently, the West Virginia Supreme Court addressed enforcement of forum selection clauses in *Caperton v. A.T. Massey Coal Co.,* 679 S.E.2d 223 (W. Va. 2008), *rev'd on other grounds,* 129 S. Ct. 2252 (2009). In *Caperton*, the West Virginia Supreme Court stated there is no general impediment to enforcement of forum selection clauses, but enforceability of such clauses is subject to the test set forth by the Second Circuit Court of Appeals in *Phillips v. Audio Active Limited*, 494 F.3d 378 (2d Cir. 2007), which provides for consideration of: (1) "whether the clause was reasonably communicated to the party resisting enforcement"; (2) whether the clause is mandatory or permissive; and (3) "whether the claims and parties involved in the suit are subject to the forum-selection clause[.]" 679 S.E.2d at 235 and Syl. Pt. 6, in part. If the Court finds "the forum-selection clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable." Syl. Pt. 6, in part. The Court then must determine "whether the resisting party has rebutted the presumption of

---

[3]The district court noted that the Fourth Circuit indicated state law applies in *Nutter v. Rents, Inc.*, No. 90-2493, 1991 WL 193490 (4th Cir. Oct. 1, 1991). More recently in *Vulcan Chemical Technologies, Inc. v. Barker*, 297 F.3d 332, 339 (4th Cir. 2002), the Fourth Circuit cited a concurring opinion by Justice Kennedy in *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988), which supports using federal law in diversity cases. This uncertainty has created inconsistency within this circuit. *Compare Gita Sports LTD. v. SG Sensortechnik GMBH & Co. KG*, 560 F. Supp.2d 432, 438 (W.D. N.C. 2008) (applying federal law and finding *Nutter* not controlling), *with Eisaman v. Cinema Grill Systems, Inc.*, 87 F. Supp.2d 446, 448 (D. Md. 1999) (relying upon *Nutter* and applying state law). It appears that the majority of circuits apply federal law. *Gita Sports,* 560 F. Supp.2d at 438.

enforceability by making a sufficiently strong showing that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id*.

In this case, the Court has no difficulty finding that the forum selection clause was communicated to Plaintiff as it is a clear and plainly worded part of the Distributor Agreement signed by both Plaintiff and Defendant. Indeed, Plaintiff does not appear to contest this fact. However, Plaintiff argues that the nature of the clause is permissive rather than mandatory. In this regard, the West Virginia Supreme Court held in *Caperton*, that courts must look to the particular language of the clause at issue. *Id.* at 239. If the language at issue clearly indicates that "jurisdiction is appropriate only in a designated forum," then it is a mandatory forum selection clause. *Id*. at Syl. Pt. 7. If, on the other hand, the language "authorizes litigation in a designated forum, but does not prohibit litigation elsewhere," then it is a permissive clause. *Id*. The court further explained that "[i]f jurisdiction is specified with mandatory terms such as 'shall,' or exclusive terms such as 'sole,' 'only,' or 'exclusive,' the clause will be enforced as a mandatory forum-selection clause. However, if jurisdiction is not modified by mandatory or exclusive language, the clause will be deemed permissive only." *Id*. at Syl. Pt. 8.

Here, the critical language at issue in the forum selection clause provides: "The Distributor [Plaintiff] agrees to bring any and all actions arising out of this agreement to the State of South Dakota." *Distributor Agreement*, at ¶ 23, in part. Plaintiff makes a cursory statement that this language is not mandatory. However, the Court disagrees. The Court finds nothing permissive in this language about where Plaintiff may bring an action under the agreement. Instead, the

-5-

language clearly and plainly provides that Plaintiff agrees to bring any action arising from the agreement in South Dakota. There simply is no room in this language for Plaintiff to bring an action in any other jurisdiction. Thus, the Court finds that this language is mandatory.

Turning to the third factor, the Court easily finds that both Plaintiff and Defendant are subject to the forum selection clause, which makes the clause presumptively enforceable. Plaintiff further argues, however, that enforcement would be unreasonable and unjust because it basically is inconvenient and expensive for it to litigate these matters in South Dakota. Although this Court has little doubt that it would be more convenient and less expensive for Plaintiff to litigate these matters in it own backyard, the opposite would be true for Defendant to litigate in West Virginia, as it is incorporated and has its principal place of business in South Dakota.

In addition, the Court notes the parties to this action are experienced corporations that entered into a distributor contract. In that contract, Plaintiff agreed to bring actions in South Dakota. Without doubt, choice of law and forum selection clauses frequently designate the law and forum of where one of the parties is incorporated or resides.[4] Merely because Plaintiff now believes that litigation in South Dakota will be inconvenient and more expensive for it are not a sufficient reasons in and of themselves to find the clause unreasonable or unjust. "Arguments of inconvenience based upon the expense of litigation are rarely successful in defeating a forum-selection clause's

---

[4] For purposes of this decision, the Court finds it inconsequential that Plaintiff asserts Defendant is located in Minnehaha County, South Dakota, but brought its action in Lincoln County, South Dakota, which Plaintiff claims adds another 24 miles to its burden of litigating this matter in South Dakota.

presumption of validity." *Celanese Acetate, LLC v. Lexcor, Ltd.*, 632 F. Supp.2d 544, 548 (2009); *see also Bassett Seamless Guttering, Inc., v. Gutterguard, LLC*, No. Civ. 1:05CV00184, 2006 WL 156874, at *4 (M.D. N.C. 2006) (stating "[i]t is established in the Fourth Circuit that the presumption of enforceability that applies to choice of forum (and choice of law) provisions will not be overcome by mere inconvenience, added expense, or regret"). Moreover, for purposes of this decision, Plaintiff has made no argument that there was a disparity between the bargaining powers of the parties or it was in someway tricked or coerced into entering into the contract. Therefore, the Court finds that Plaintiff has failed to establish "a sufficiently strong showing that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Caperton*, at Syl. Pt. 6.

The federal standard largely overlaps the West Virginia Supreme Court's analysis. Under federal law, if a forum selection clause is mandatory,[5] as this Court has found here, the clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972) (footnote omitted). A clause is unreasonable if its

> (1) formation was induced by fraud or overreaching;
> (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen

---

[5]*See Eisaman*, 87 F. Supp.2d at 449 (stating that before conducting the Supreme Court's analysis under *M/S Breman v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972), a court must first determine whether the forum selection clause is mandatory or permissive. "If the clause is merely permissive, the action will not be dismissed; if mandatory, it will be enforced as required by *Bremen*." (citations omitted)).

>law may deprive the plaintiff of a remedy; or (4) . . . enforcement would contravene a strong public policy of the forum state.

*Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir.1996) (summarizing *Bremen*, 407 U.S. at 12-18). The burden of proving the unreasonableness of a forum selection clause is a heavy one, which, like West Virginia law, requires a "strong showing" that the chosen forum should be set aside. *See Bremen*, 407 U.S. at 15; *see also Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 592 (1991) (applying *Bremen* standard). Here, Plaintiff has not met that burden.

As stated above, there is no argument or evidence presented that Plaintiff was fraudulently induced into signing the contract or it was the result of overreaching. Likewise, the Court finds no evidence that litigating this action in South Dakota will be fundamentally unfair to Plaintiff or deprive it of its day in court or deprive it of a remedy. Finally, there is nothing to suggest by Plaintiff that the clause contravenes a strong public policy in West Virginia. Therefore, the Court finds the clause is enforceable under federal law as well as state law.[6]

With respect to Plaintiff's forum non conveniens arguments, the Court agrees with Defendant that, if the forum selection clause is otherwise enforceable, then Plaintiff should make

---

[6] South Dakota follows the federal standard adopted in *Bremen*. *Bell Inc. v. Drent Goebel USA, Inc.*, No. CIV 08-4192, 2009 WL 2634036, *2 (D. S.D. Aug. 24, 2009). Thus, even if Plaintiff were to argue that the forum selection clause should be analyzed under South Dakota law instead of West Virginia law, the result would be the same. *See, e.g., Nutter*, 945 F.2d 398, 1991 WL 193490, at *5-6 (applying West Virginia conflicts of law rules and determining that Louisiana law controls the question of the "validity of contract provisions as well as questions of substantive interpretation"); *Eisaman*, 87 F. Supp.2d at 448 (holding Franchise Agreement and forum selection clause contained therein is to be construed and enforced in accordance with the law of Georgia).


this argument in the South Dakota action, not this case. Therefore, the Court will not rule on the merits of Plaintiff's forum non conveniens argument.

Accordingly, for the reasons stated above, the Court **GRANTS** Defendants' Motion to Dismiss [doc. no. 10], **DENIES as moot** Plaintiff's Motion for Leave to File First Amended Complaint [doc. no. 7], and **DISMISSES** this action **without prejudice** from the docket of this Court.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties and to publish this written Opinion and Order on the Court's external website.

ENTER:	October 27, 2009

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE